## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| BELIEVELAND, LTD<br>1223 Wynford Colony<br>Marietta, GA 30064 | ) CASE NO.:<br>) JUDGE:<br>)<br>)<br>) |
| (PLAINTIFF) | )<br>) |
| V. | ) VERIFIED COMPLAINT<br>) for preliminary and permanent<br>) injunctive relief from trademark<br>) infringement and deceptive trade<br>) practices, and for treble damages<br>) |
| BELIEVELAND BEER FESTIVAL, INC.<br>23 N Green Street #502<br>Chicago Illinois 60607 | ) DEMAND FOR JURY TRIAL<br>) |
| NATHAN BARNHART<br>23 N Green Street #502<br>Chicago Illinois 60607 | )<br>)<br>)<br>) |
| (DEFENDANT) | )<br>) |

Plaintiff BELIEVELAND, LTD (hereinafter "Plaintiff") for its complaint against

Defendants BELIEVELAND BEER FESTIVAL, INC. and Barnhart (hereinafter

"Defendants" collectively, or "FEST" or "Barnhart" individually) states and alleges

as follows:

## PRELIMINARY STATEMENT

1. Plaintiff's three valuable and incontestable trademark registrations of BELIEVELAND are being willfully infringed by the Defendants through their commercial use of BELIEVELAND in connection with various merchandise and in the name of an event billed as the BELIEVELAND BEER FEST. Defendants' conduct amounts to willful infringement under Sections 32 and 35 of the Lanham Act, 15 U.S.C.A. §§ 1114, and 1117, unfair competition under §43(a) of the Lanham Act, 15 USC 1125(a), unfair competition under Ohio common law, and deceptive trade practices under O.R.C. 4165.02. Plaintiff seeks equitable relief, from the Defendants' unlawful acts including preliminary and permanent injunctions, Defendant's profits, and Plaintiff's costs to bring this action including a reasonable attorney fee. Plaintiff also seeks damages arising from Defendants' sale of infringing goods and services.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C.A. §§ 1331 and 1338, and under 15 USC 1121, because the Complaint states a cause of action under the federal Trademark Act 15 U.S.C.A. § 1051 et seq. The Court has supplemental jurisdiction over the related state and common law claims pursuant to 28 U.S.C.A. §§ 1338(b) and 1367(a).

## VENUE

3.  Venue is proper in this Court under 28 U.S.C.A. § 1391(b)(2) because a substantial part of the events giving rise to the claims in the Complaint occurred in this judicial district and/or, under 28 U.S.C § 1391(b)(3), because Defendants are subject to personal jurisdiction in this judicial district under the ORC § 2307.382.

## PARTIES

4.  Plaintiff Believeland, LTD is an Ohio limited liability company having a place of business located at 1223 Wynford Colony Marietta, Georgia 30064.

5.  On information and belief Defendant Believeland Beer Festival, Inc. (FEST) is an Illinois corporation having a place of business at 23 N Green St. #502 Chicago, IL 60607.

6.  On information and belief, Defendant Barnhart is an individual residing in the state of Illinois.

## FACTUAL ALLEGATIONS

7.  Plaintiff is the owner and/or assignee of three BELIEVELAND standard character trademarks registered on the principal register of the United States Patent and Trademark Office. See table below and Exhibit 1.

| Standard Character Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| BELIEVELAND | 3,450,139 | 6/17/ 2008 | Class 025: "clothing, namely, sweatshirts, jerseys, t-shirts, hats, ear warmers, jackets, sleepwear, pants, shorts, and infant wear"<br><br>Class 041: "entertainment services, namely, providing sports information via global computer network and a commercial on-line service; special event planning, namely, organization of events for fans of sports teams; and fan clubs" |
| BELIEVELAND | 3,785,528 | 5/4/2010 | Class 021: "cups; mugs; coffee mugs; travel mugs; bottles sold empty; sports bottles sold empty; beverage glassware" |
| BELIEVELAND | 3,785,529 | 5/4/2010 | Class 020: Plastic signboards; window clings, namely, vinyl appliqués for attachment to windows; plastic key chains; plastic pennants; plastic banners; plastic holiday ornaments |

8.     On information and belief, very recently Defendants began planning, promoting, and selling admission tickets to an event scheduled for April 28, 2018 that Defendants refer to as the BELIEVELAND BEER FEST, and are bundling admission tickets with merchandise including t-shirts, beer glasses, bottle openers, stickers, foam fingers, and beer koozies marked with BELIEVELAND BEER FEST. Exhibits 2 and 14.

9. Plaintiff maintains an ecommerce business, prominently displaying the BELIEVELAND mark with the letter "R" enclosed in a circle, where the Plaintiff sells Cleveland sports-related merchandise including t-shirts, hoodies, coffee cups, key chains, beer mugs, and signage. See Exhibit 3.

10. The Plaintiff's ecommerce business has been operating and existing since 2008, long before Defendants infringing conduct.

11. The Plaintiff's ecommerce business was operating and existing at the time of Defendants' infringing conduct.

12. At the time of Defendants' infringing conduct Plaintiff's ecommerce business prominently displayed the BELIEVELAND mark with the letter "R" enclosed in a circle.

13. Prior to Defendants' infringing conduct, Defendants had actual notice of Plaintiff's trademark Reg. Nos. 3,450,139; 3,785,528; and 3,785,529.

14. Plaintiff licenses its BELIEVELAND brand, including its three BELIEVELAND trademark Reg. Nos. 3,450,139; 3,785,528; and 3,785,529, to various businesses engaging in the sale and promotion of Cleveland-themed products and services, especially surrounding sports.

## Plaintiff Owns Registration No. 3,450,139 for BELIEVELAND

15. On November 17, 2006 federal trademark application serial number 77/046,344 for BELIEVELAND was filed with the United States Patent and Trademark Office under the intent-to-use provisions of Section 1(b) of the Lanham Act. See Exhibit 4.

16. The applicants named in the November 17, 2006 application for BELIEVELAND are Thomas K. Stroup, Barbara Stroup, Jody Garlock, Kerry M. Stroup, Jean K. Stroup, Peter S. Hamo, Jamie Jones, and Scott Garlock.

17. On December 20, 2007 an assignment document was recorded with the United States Patent and Trademark Office in connection with application serial number 77/046,344 for BELIEVELAND transferring ownership from Scott Garlock to his co-applicant's in application serial number 77/046,344 for BELIEVELAND, namely Thomas K. Stroup, Barbara Stroup, Jody Garlock, Kerry M. Stroup, Jean K. Stroup, Peter S. Hamo, and Jamie Jones. See Exhibit 5.

18. On or about January 8, 2008 articles of organization were filed with the Ohio Secretary of State organizing Plaintiff, BELIEVELAND LTD as an Ohio limited liability company. See Exhibit 6.

19. The articles filed on or about January 8, 2008 were caused to be filed by the then-current owners of application serial number 77/046,344 for BELIEVELAND to conduct business under the name BELIEVELAND LTD, namely Thomas K. Stroup, Barbara Stroup, Jody Garlock, Kerry M. Stroup, Jean K. Stroup, Peter S. Hamo, and Jamie Jones.

20. On April 1, 2008 a second assignment document was recorded with the United States Patent and Trademark Office in connection with application serial number 77/046,344 for BELIEVELAND. See Exhibit 7.

21. The April 1, 2008 assignment document transferred ownership from Thomas K. Stroup, Barbara Stroup, Jody Garlock, Kerry M. Stroup, Jean K. Stroup, Peter S. Hamo, and Jamie Jones to Believeland, LTD.

22. The April 1, 2008 assignment document fully vested ownership of application serial number 77/046,344 for BELIEVELAND in Plaintiff, Believeland LTD.

23. On April 14, 2008 a Statement of Use was filed with the United States Patent and Trademark Office in application serial number 77/046,344 for BELIEVELAND alleging use in commerce of "clothing, namely, sweatshirts, jerseys, t-shirts, hats, ear warmers, jackets, sleepwear, pants, shorts, and infant wear" at least as early as December 16, 2007.

24. The April 14, 2008 Statement of Use in application serial number 77/046,344 further alleged use in commerce of "entertainment services, namely, providing sports information via global computer network and a commercial on-line service; special event planning, namely, organization of events for fans of sports teams; and fan clubs" at least as early as August 3, 2007.

25. On June 17, 2008 federal trademark application serial number 77/046,344 for BELIEVELAND was duly registered on the principal trademark register and issued registration number 3,450,139. See Exhibit 1.

26. Federal trademark Reg. No. 3,450,139 for BELIEVELAND names the Plaintiff, BELIEVELAND LTD, as the owner of the registration.

27. Federal trademark Reg. No. 3,450,139 for BELIEVELAND recites "clothing, namely, sweatshirts, jerseys, t-shirts, hats, ear warmers, jackets, sleepwear, pants, shorts, and infant wear" in class 25 naming a date of first use of December 16, 2007.

28. Federal trademark Reg. No. 3,450,139 for BELIEVELAND recites "entertainment services, namely, providing sports information via global computer network and a commercial on-line service; special event planning, namely, organization of events for fans of sports teams; and fan clubs" in class 41 naming a date of first use of August 3, 2007.

## Reg. No. 3,450,139 for BELIEVELAND is Incontestable

29. On February 11, 2014 Plaintiff timely filed Section 8 and 15 declarations of continued use and incontestability with the United States Patent and Trademark Office in connection with "clothing, namely, sweatshirts, jerseys, t-shirts, hats, ear warmers, jackets, sleepwear, pants, shorts, and infant wear" in class 25, and "entertainment services, namely, providing sports information via global computer network and a commercial on-line service; special event planning, namely, organization of events for fans of sports teams; and fan clubs" in class 41.

30. The goods and services recited in the February 11, 2014 filing in connection Reg. No. 3,450,139 include all the same goods and services recited in the registration certificate.

31. On February 26, 2014 the United States Patent and Trademark Office issued a Notice of Acknowledgement under Section 15 indicating that the declaration of incontestability filed on February 11, 2014 "meets the requirements of Section 15 of the Trademark Act, 15 U.S.C.A. §1065." See Exhibit 8.

## Plaintiff Owns Registration No. 3,785,528 for BELIEVELAND

32. On July 15, 2008 federal trademark application serial number 77/522,500 for BELIEVELAND was filed with the United States Patent and Trademark Office under the intent-to-use provisions of Section 1(b) of the Lanham Act. See Exhibit 9.

33. On March 1, 2010 a Statement of Use was filed with the United States Patent and Trademark Office in application serial number 77/522,500 for BELIEVELAND alleging use in commerce of "cups; mugs; coffee mugs; travel mugs; bottles sold empty; sports bottles sold empty; beverage glassware" at least as early as August 19, 2008.

34. On May 4, 2010 federal trademark application serial number 77/522,500 for BELIEVELAND was duly registered on the principal trademark register and issued registration number 3,785,528. See Exhibit 1.

35. Federal trademark Reg. No. 3,785,528 for BELIEVELAND names the Plaintiff, BELIEVELAND LTD, as the owner of the registration.

36. Federal trademark Reg. No. 3,785,528 for BELIEVELAND recites "cups; mugs; coffee mugs; travel mugs; bottles sold empty; sports bottles sold empty; beverage glassware" in class 21 naming a date of first use of August 19, 2008.

## Reg. No. 3,785,528 for BELIEVELAND is Incontestable

37. On January 19, 2016 Plaintiff timely filed Section 8 and 15 declarations of continued use and incontestability with the United States Patent and Trademark Office in connection with "cups; mugs; coffee mugs; travel mugs; bottles sold empty; sports bottles sold empty; beverage glassware" in class 21.

38.   The goods recited in the January 19, 2016 filing in connection Reg. No. 3,785,528 include all the same goods recited in the registration certificate.

39.   On March 19, 2016 the United States Patent and Trademark Office issued a Notice of Acknowledgement under Section 15 indicating that the declaration of incontestability filed on January 19, 2016 "meets the requirements of Section 15 of the Trademark Act, 15 U.S.C.A. §1065." See Exhibit 10.

### Plaintiff Owns Registration No. 3,785,529 for BELIEVELAND

40.   On July 15, 2008 federal trademark application serial number 77/522,529 for BELIEVELAND was filed with the United States Patent and Trademark Office under the intent-to-use provisions of Section 1(b) of the Lanham Act. See Exhibit 11.

41.   On March 1, 2010 a Statement of Use was filed with the United States Patent and Trademark Office in application serial number 77/522,529 for BELIEVELAND, alleging use in commerce of "plastic signboards; window clings, namely, vinyl appliqués for attachment to windows; plastic key chains; plastic pennants; plastic banners; plastic holiday ornaments" at least as early as January 5, 2008.

42.   On May 4, 2010 federal trademark application serial number 77/522,529 for BELIEVELAND was duly registered on the principal trademark register and issued registration number 3,785,529.  See Exhibit 1.

43.   Federal trademark Reg. No. 3,785,529 for BELIEVELAND names the Plaintiff, BELIEVELAND LTD, as the owner of the registration.

44. Federal trademark Reg. No. 3,785,529 for BELIEVELAND recites "plastic signboards; window clings, namely, vinyl appliqués for attachment to windows; plastic key chains; plastic pennants; plastic banners; plastic holiday ornaments" in class 20 naming a date of first use of January 5, 2008.

## Reg. No. 3,785,529 for BELIEVELAND is Incontestable

45. On January 19, 2016 Plaintiff timely filed Section 8 and 15 declarations of continued use and incontestability with the United States Patent and Trademark Office in connection with "plastic signboards; window clings, namely, vinyl appliqués for attachment to windows; plastic key chains; plastic pennants; plastic banners; plastic holiday ornaments" in class 20.

46. The goods and services recited in the January 19, 2016 filing in connection Reg. No. 3,785,529 include all the same goods and services recited in the registration certificate.

47. On March 19, 2016 the United States Patent and Trademark Office issued a Notice of Acknowledgement under Section 15 indicating that the declaration of incontestability filed on January 19, 2016 "meets the requirements of Section 15 of the Trademark Act, 15 U.S.C.A. §1065." See Exhibit 12.

## The Plaintiff's Trademarks are Strong

48. The word BELIEVELAND is a fanciful term having no known dictionary definition, thus affording it the highest degree of conceptual trademark strength.

49.  The word BELIEVELAND has gained wide marketplace recognition especially in the Cleveland, Ohio area through the Plaintiff's, and its licensees', longstanding commercial use of BELIEVELAND in connection with various Cleveland-related goods and services.

50.  Plaintiff's commercial use of BELIEVELAND dates as far back as at least December 16, 2007.

51.  Plaintiff's longstanding commercial use of BELIEVELAND, both directly and through its licensees, has made Plaintiff's BELIEVELAND mark commercially strong.

52.  The Plaintiff has for years diligently enforced its trademark rights against multiple infringers, obtaining cessation of infringement or placing the infringer under license in the fields of t-shirts, apparel, headwear, photographic prints, and various miscellaneous merchandise.

## Defendants' Infringing Conduct

53.  On information and belief, long after Plaintiff's longstanding commercial use of BELIEVELAND began, eventually culminating in incontestable registrations, Defendants began efforts to obtain trademark rights in BELIEVELAND BEER FESTIVAL, BELIEVELAND BEER, and BELIEVELAND MUSIC FESTIVAL.

54.  On information and belief on March 9, 2016, Defendant Believeland Beer Festival, Inc., was incorporated in the state of Illinois naming Barnhart as Agent.  See Exhibit 13.

55. On information and belief on March 11, 2016 Defendant Barnhart filed, *pro se*, federal trademark application number 86/937,886 for BELIEVELAND BEER FESTIVAL in connection with "entertainment services, namely, conducting and organizing entertainment exhibitions in the nature of beer festivals featuring beer tastings, food tastings, and live music concerts", and naming the Defendant FEST as owner.

56. On information and belief on April 15, 2016 Defendant Barnhart filed, *pro se*, federal trademark application number 87/002,133 for BELIEVELAND BEER in connection with "beer", naming himself personally as the owner.

57. On information and belief on June 20, 2016 Defendant Barnhart filed, *pro se*, federal trademark application number 87/077,901 for BELIEVELAND MUSIC FESTIVAL in connection with "Organizing music festivals for cultural or entertainment purposes" naming Defendant FEST as the owner.

58. On information and belief on June 24, 2016, Plaintiff's counsel informed Plaintiff of the existence of the Defendants' various BELIEVELAND trademark applications.

59. On June 25th, 2016 the United States Patent and Trademark Office's examiner in the matter of application serial number 86/937,886 for BELIEVELAND BEER FESTIVAL issued a rejection of Defendants' application on the ground that it creates a likelihood of confusion with the Plaintiff's Reg. No. 3,450,139.

60. On information and belief, on June 30th, 2016 Plaintiff's counsel issued a demand letter to Defendant Barnhart informing the Defendants that its proposed use of BELIEVELAND in the form of the three applied-for marks would constitute trademark infringement. See Exhibit 15.

61. On information and belief, on August 26, 2016 Defendants' counsel responded to Plaintiff's June 30th, 2016 demand letter requesting the names of specific licensees and the terms of confidential license agreements. See Exhibit 16.

62. On information and belief, on September 22, 2016 Plaintiff's counsel sent an e-mail to Defendants' counsel requesting a telephone meeting. See Exhibit 17.

63. On September 29, 2016 the United States Patent and Trademark Office's examiner in the matter of application serial number 87/077,901 for BELIEVELAND MUSIC FESTIVAL issued a rejection of Defendants' application on the ground that it creates a likelihood of confusion with the Plaintiff's Reg. No. 3,450,139.

64. On January 24, 2017 a Notice of Abandonment was issued in Defendants' application serial number 86/937,886 for BELIEVELAND BEER FESTIVAL.

65. On April 28, 2017 a Notice of Abandonment was issued in Defendants' application serial number 87/077,901 for BELIEVELAND MUSIC FESTIVAL.

66. On December 18, 2017 a Notice of Abandonment is issued in Defendants' application serial number 87/002,133 for BELIEVELAND BEER.

67. On information and belief, on January 29, 2018 Defendants petitioned

to revive application serial number 87/002,133 for BELIEVELAND BEER.

68.     On February 14, 2018 Plaintiff learned of the Defendants' event, the BELIEVELAND BEER FESTIVAL, for the first time, in an email from a licensee.

69.     On February 15, 2018 Plaintiff demanded that Defendant immediately cease and desist its infringing conduct.  See Exhibit 18.

70.     On information and belief, on February 16, 2018 Defendants' counsel responded with a counter-demand letter.  See Exhibit 19.

71.     On information and belief, Defendants are offering certain merchandise bearing the BELIEVELAND BEER FEST mark through the sale of tickets to the April 28, 2018 event, namely, beer glasses, beer koozies, t-shirts, bottle opener keychains, and stickers.  See Exhibit 14.

72.     On information and belief, Defendants intend to offer beer at the BELIEVELAND BEER FEST event on April 28, 2018.  See Exhibit 14.

73.     Defendants have used BELIEVELAND, BELIEVELAND BEER FEST in commerce in a manner that is likely to cause confusion among ordinary purchasers as to the source of the goods and/or services.


COUNT ONE

Willful Trademark Infringement of BELIEVELAND Reg. No. 3,450,139

§ 32 of the Lanham Act

74.     Plaintiff repeats each of the foregoing allegations contained in paragraphs 1 through 73 as if fully set forth here.

75.     Defendants' unauthorized use of BELIEVELAND and
BELIEVELAND BEER FEST has caused and is causing a likelihood of confusion,
and amounts to trademark infringement of Plaintiff's BELIEVELAND Reg. No.
3,450,139 under Section 32 of the Lanham Act, 15 USC §1114.

76.     Defendants' infringing conduct is willful, knowing, and intentional.

77.     As a result of Defendants' acts of trademark infringement, Plaintiff
has suffered and will continue suffering irreparable harm.

78.     Unless Defendants are enjoined, the Defendants will continue their
unlawful conduct which amounts to trademark infringement, and will continue to
irreparably harm the Plaintiff and confuse the public.

79.     Plaintiff is entitled to recover all profits from Defendants, as well as
all damages that Plaintiff has sustained due to Defendants' actions, and all costs
of this action pursuant to Section 35 of the Lanham Act. 15 U.S.C.A. § 1117(a).


## COUNT TWO

Willful Trademark Infringement of BELIEVELAND Reg. No. 3,785,528

§ 32 of the Lanham Act

80.     Plaintiff repeats each of the foregoing allegations contained in
paragraphs 1 through 79 as if fully set forth here.

81.     Defendants' unauthorized use of BELIEVELAND and
BELIEVELAND BEER FEST has caused and is causing a likelihood of confusion,
and amounts to trademark infringement of Plaintiff's BELIEVELAND Reg. No.
3,785,528 under Section 32 of the Lanham Act, 15 USC §1114.

82.     Defendants' infringing conduct is willful, knowing, and intentional.

83.     As a result of Defendants' acts of trademark infringement Plaintiff
has suffered and will continue suffering irreparable harm.

84.     Unless Defendants are enjoined, the Defendants will continue their
unlawful conduct which amounts to trademark infringement, and will continue to
irreparably harm the Plaintiff and confuse the public.

85.     Plaintiff is entitled to recover all profits from Defendants, as well as
all damages that Plaintiff has sustained due to Defendants' actions, and all costs
of this action pursuant to Section 35 of the Lanham Act. 15 U.S.C.A. § 1117(a).


COUNT THREE

Willful Trademark Infringement of BELIEVELAND Reg. No. 3,785,529

§ 32 of the Lanham Act

86.     Plaintiff repeats each of the foregoing allegations contained in
paragraphs 1 through 85 as if fully set forth here.

87.    Defendants' unauthorized use of BELIEVELAND and

BELIEVELAND BEER FEST has caused and is causing a likelihood of confusion,

and amounts to trademark infringement of Plaintiff's BELIEVELAND Reg. No.

3,785,529 under Section 32 of the Lanham Act, 15 USC §1114.

88.    Defendants' infringing conduct is willful, knowing, and intentional.

89.    As a result of Defendants' acts of trademark infringement Plaintiff

has suffered and will continue suffering irreparable harm.

90.    Unless Defendants are enjoined, the Defendants will continue their

unlawful conduct which amounts to trademark infringement and will continue to

irreparably harm the Plaintiff and confuse the public.

91.    Plaintiff is entitled to recover all profits from Defendants, as well as

all damages that Plaintiff has sustained due to Defendants' actions, and all costs

of this action pursuant to Section 35 of the Lanham Act. 15 U.S.C.A. § 1117(a).


## COUNT FOUR

Willful Trademark Infringement, false designation of origin, and unfair competition

§ 43(a) of the Lanham Act

92.    Plaintiff repeats each of the foregoing allegations contained in

paragraphs 1 through 91 as if fully set forth here.

93.     Defendants' unauthorized use of BELIEVELAND and BELIEVELAND BEER FEST has caused and is causing a likelihood of confusion with the Plaintiff's BELIEVELAND mark, and amounts to trademark infringement, false designation of origin, and unfair competition under § 43(a) of the Lanham Act, 15 USC § 1125(a).

94.     Defendants' infringing conduct is willful, knowing, and intentional.

95.     As a result of Defendants' acts of trademark infringement, false designation and unfair competition, Plaintiff has suffered and will continue suffering irreparable harm.

96.     Unless Defendants are enjoined, the Defendants will continue their unlawful conduct which amounts to trademark infringement, false designation of origin, and unfair competition, and will continue to irreparably harm the Plaintiff and confuse the public.

97.     Plaintiff is entitled to recover all profits from Defendants, as well as all damages that Plaintiff has sustained due to Defendants' actions, and all costs of this action pursuant to Section 35 of the Lanham Act. 15 U.S.C.A. § 1117(a).


<u>COUNT FIVE</u>

Unfair competition under Ohio common law

98.     Plaintiff repeats each of the foregoing allegations contained in paragraphs 1 through 97 as if fully set forth here.

99. Defendants, without the consent or authorization of Plaintiff, have used and are using the BELIEVELAND and/or BELIEVELAND BEER FEST mark and trade name in connection with their April 28, 2018 beer festival, which is likely to deceive and cause confusion and mistake among consumers as to the source or origin of the goods and services provided by Defendants.

100. Defendants' use of BELIEVELAND and/or BELIEVELAND BEER FEST also has caused, and is causing, a likelihood of confusion as to affiliation, connection, or association of Defendants' goods and services with Plaintiff.

101. By using the BELIEVELAND and/or BELIEVELAND BEER FEST designation Defendants are engaging in unfair competition under Ohio common law.

102. Unless Defendants are enjoined, the Defendants will continue engaging in acts of unfair competition and will continue to confuse the public, and cause irreparable harm to Plaintiff.

103. As a direct and proximate result of Defendants' ongoing unlawful activities, Plaintiff has and continues to suffer damages in an amount to be proven at trial.

COUNT SIX

Ohio Deceptive Trade Practices under O.R.C. 4165.02

104. Plaintiff repeats each of the foregoing allegations contained in paragraphs 1 through 103 as if fully set forth here.

105. Defendants, without the consent or authorization of Plaintiff, have used and are using the BELIEVELAND and/or BELIEVELAND BEER FEST mark and trade name in connection with their April 28, 2018 beer festival, which has caused and is causing a likelihood of confusion or misunderstanding as to the source, sponsorship or approval of Defendants' goods and services with those of Plaintiff.

106. Defendants' use of BELIEVELAND and/or BELIEVELAND BEER FEST also has caused, and is causing, a likelihood of confusion as to affiliation, connection, or association of Defendants' goods and services with Plaintiff.

107. By using the BELIEVELAND and/or BELIEVELAND BEER FEST designation, Defendants are engaging in deceptive trade practices in violation of Section 4165.02 of the Ohio Revised Code.

108. Defendants' deceptive trade practices are knowing, intentional, and willful.

109. As a result of Defendants' deceptive trade practices, Plaintiff is suffering irreparable harm.

110. Unless Defendants are enjoined, the Defendants will continue their deceptive trade practices and will continue to confuse the public and cause irreparable harm to Plaintiff.

111. As a direct and proximate result of Defendants' ongoing unlawful activities, Plaintiff has suffered damages and continues to suffer damages in an amount to be proven at trial.

112.    Because Defendants' conduct is willful, Plaintiff is also entitled to recover from Defendants reasonable attorney's fees pursuant to Ohio Revised Code § 4165.03.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Believeland, LTD, respectfully requests that this Court grant the following relief:

A.    Entering judgment declaring that Defendants are infringing Plaintiff's trademark Reg. Nos. 3,450,139; 3,785,528; and 3,785,529, under 15 U.S.C.A. §1114, and committing unfair competition under 15 U.S.C.A. §1125;

B.    Entering judgment declaring that Defendants are committing deceptive trade practices under Ohio Revised Code 4165.02 and unfair competition under Ohio common law;

C.    Preliminarily and permanently enjoining Defendants and their agents, servants, employees, attorneys, and assigns, and all persons in active concert or participation with any of them, as follows:

1. prohibiting Defendants from providing any goods and/or services under the BELIEVELAND mark or any names, marks or wording confusingly similar to the BELIEVELAND mark including BELIEVELAND BEER, BELIEVELAND BEER FESTIVAL, and BELIEVELAND MUSIC FESTIVAL or using any names, marks, wording or other indicia which are likely to be confused or associated with Plaintiff;

2. prohibiting Defendants from otherwise competing unfairly with Plaintiff by trading off Plaintiff's goodwill and business reputation, or by infringing or misappropriating the BELIEVELAND mark;

3. prohibiting Defendants from stating or suggesting, in any advertising materials, promotional materials, or other materials, that they or their goods and/or services are associated with, related to, approved by, licensed by or from, or sponsored by Plaintiff;

4. requiring Defendants to promptly destroy all products, product packaging, signage, letterhead, advertisements, marketing materials, and other items that include or display any confusingly similar names, marks, or wording infringing upon the Plaintiff's BELIEVELAND mark including BELIEVELAND BEER, BELIEVELAND BEER FESTIVAL, and BELIEVELAND MUSIC FESTIVAL;

5. requiring the Defendants to send letters to all their customers to notify them that Defendants are not now, and never have been, associated with Plaintiff;

6. requiring Defendants to immediately disable all content on the Internet, and specifically the content on the http://believelandbeerfest.com/ website, which infringes upon the BELIEVELAND mark or otherwise creates the false impression of an association between Defendants and Plaintiff;

7. requiring Defendants to immediately transfer the http://believelandbeerfest.com/ domain name to the Plaintiff at the Defendants' expense;

8. requiring Defendants to immediately transfer the http://believelandbeerfestival.com/ domain name to the Plaintiff at the Defendants' expense; and

9. requiring Defendants to immediately delete, permanently disable, or transfer control of all social media and other Internet accounts containing infringing content including, https://www.facebook.com/believelandbeerfest/ and https://www.active.com/cleveland-oh/believeland-beer-fest-2018.

E. Requiring Defendants to file with this Court and to serve on Plaintiff, within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

F. Cancelling or otherwise voiding Defendants' BELIEVELAND BEER application, or ordering Defendants to expressly abandon BELIEVELAND BEER Application Serial No. 87/002,133;

G. Dissolving or ordering Defendants to dissolve the defendant corporation Believeland Beer Festival, Inc.;

H. Pursuant to 15 U.S.C.A. §§ 1111, 1114, and 1117 of the Lanham Act, ordering Defendants to account for and pay over to Plaintiff all profits resulting from Defendants' use of the mark BELIEVELAND and/or BELIEVELAND BEER FEST with the knowing and willful intent to trade on Plaintiff's reputation;

I. Pursuant to 15 U.S.C.A. §§ 1111, 1114, and 1117 of the Lanham Act, ordering Defendant to pay to Plaintiff all damages, in an amount to be proven at

trial, that Plaintiff has sustained as a consequence of Defendants' use of the mark BELIEVELAND and/or BELIEVELAND BEER FEST with the knowing and willful intent to trade on Plaintiff's reputation, and as a consequence of Defendant's unfair competition with Plaintiff, including increased damages in the amount of three times the damages sustained by Plaintiff, together with pre- and post-judgment interest, costs, and expenses;

J.     As this is an exceptional case pursuant to 15 U.S.C.A. § 1117(a), and Defendants' acts of deceptive trade practices were and continue to be willful pursuant to Ohio Revised Code § 4165.03, awarding Plaintiff its costs and attorney's fees; and

K.     Awarding to Plaintiff such other and further relief as this Court deems just and proper.

Respectfully Submitted,

/s/ Dominic A. Frisina

Dominic A. Frisina
Frisina, LLC
4600 Euclid Ave. STE 420
Cleveland, OH 44103
Phone: (440)600-3038
Facsimile: (866)472-0503
dominic@frisinaip.com
Ohio Bar Reg. No. 0078599
*Attorney for Plaintiff*
*Believeland, LTD*

JURY DEMAND

Pursuant to Fed.R.Civ.P. 38(b) Plaintiff hereby demands a trial by jury for all claims and issues triable by jury.

Respectfully Submitted,

/s/ Dominic A. Frisina

Dominic A. Frisina
Frisina, LLC
4600 Euclid Ave. STE 420
Cleveland, OH 44103
Phone: (440)600-3038
Facsimile: (866)472-0503
dominic@frisinaip.com
Ohio Bar Reg. No. 0078599
*Attorney for Plaintiff*
*Believeland, LTD*

VERIFICATION

State of Ohio

County of _Ashland_

Jody Stroup, being first duly sworn, says that Believeland, Ltd. is the plaintiff in the above entitled action, that she has read the foregoing complaint, and that the same is true of her own knowledge.

_(signature)_

Jody Stroup
Officer of Believeland, Ltd.

Subscribed and sworn to before me on this 27th day of _March, 2018_ in the year 2018, before me personally appeared the foregoing individual, who executed the foregoing instrument and who acknowledged to me that they executed the same of their own free will for the purpose therein set forth.

**(seal)**

Notary Public. _Amber Kendall_

Acting in the County of _Ashland_

State of _Ohio_

My Commission Expires _07/04/2022_

AMBER KENDALL
Notary Public, State of Ohio
My Comm. Expires 07/04/2022
Recorded in Ashland County